Argued and submitted December 20, 1985, affirmed September 10, reconsideration denied December 5, petition for review denied December 30, 1986 (302 Or 461)

In the Matter of the Marriage of

**OLIVER,**
*Petitioner,*

*and*

**OLIVER,**
*Respondent.*

**STATE ex rel OLIVER,**
*Respondent,*

*v.*

**OLIVER,**
*Appellant.*

(145338; CA A34655)

724 P2d 869

Arthur B. Knauss, Milwaukie, argued the cause for appellant. With him on the brief was Redman, Carskadon & Knauss, Milwaukie.

Glenda L. Green, Albany, argued the cause for respondent. With her on the brief was The Green Legal Clinic, Albany.

Before Richardson, Presiding Judge, and Warden and Young, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Husband appeals a judgment of contempt for his failure to pay court-ordered spousal support. The judgment included a sentence to 30 days in jail. We affirm.

Husband initiated the underlying dissolution action. In December, 1983, the trial court ordered him to pay wife spousal support *pendente lite.* He did not pay it, and in April, 1984, the court found him guilty of contempt, but it did not sentence him at that time. The dissolution trial was held in May and June, 1984, and the judgment of dissolution was entered in August, 1984. Husband filed a notice of appeal from the judgment in September, 1984. In January, 1985, while the appeal was pending, the trial court sentenced him on the contempt charge.

■ Husband argues that he was financially unable to pay the spousal support and that the trial court therefore erred in finding that he had wilfully disobeyed its order. Our review of the record indicates that he was able to pay and that the trial court was correct in concluding that he had wilfully disobeyed the support order.

Husband next contends that the trial court had no jurisdiction to sentence him on the contempt matter after he had served and filed his notice of appeal from the decree of dissolution. ORS 19.033(1) provides:

> "When the notice of appeal has been served and filed as provided in ORS 19.023, 19.026 and 19.029, the Supreme Court or the Court of Appeals shall have jurisdiction of the cause, pursuant to rules of the court, but the trial court shall have such powers in connection with the appeal as are conferred upon it by law and shall retain jurisdiction for the purpose of allowance and taxation of attorney fees, costs and disbursements or expenses pursuant to rule or statute. * * *"

There are two procedures pursuant to which wife could have initiated the contempt proceedings; ORS 33.010 through 33.150 and ORCP 78D. Husband notes, correctly, that if wife had initiated the contempt pursuant to ORS chapter 33, it would have been a proceeding separate from the dissolution action, and appeal of the dissolution decree would not have affected the trial court's jurisdiction over the contempt. ORS 33.150; ORCP 78D. He contends, however, that

the contempt was brought under ORCP 78D as part of the dissolution case and that, when that case was appealed, the trial court was ousted of jurisdiction of that cause, including the contempt matter. ORS 19.033.

We need not decide whether a contempt proceeding under ORCP 78D may be maintained after a notice of appeal is filed in the underlying action, because we conclude that the contempt was commenced under the statute, not the rule. Although the motion for an order to show cause used the same trial court number as the dissolution case, it otherwise complied with ORS 33.040. It named the state as the party plaintiff, was filed with an affidavit setting forth the alleged facts constituting the contempt and was personally served on husband. In response to husband's argument to the trial court that it had no jurisdiction after he had filed the notice of appeal, the court ruled that the contempt was filed under ORS 33.040. The court treated it as a proceeding independent of the dissolution action and ruled that it had jurisdiction to impose the sentence. The court was correct.[1]

Affirmed.

---

[1] Husband concedes that he did not preserve the error he claims under his last assignment. Therefore, we will not consider it.